ELLIS, Judge:
On January 26, 1971, plaintiff Charles J. Favaron, while in the course and scope of his employment, was operating a van belonging to his employer, Kean’s Inc., and was involved in an accident with an automobile owned and operated by Wirt Everett Bellue, Sr. It is conceded on this appeal that Mr. Bellue was at fault in the accident.
On April 9, 1971, while attempting to lift a heavy piece of furniture, plaintiff suffered a ruptured intervertebral disc. He was not, at that time, in the course and scope of his employment with Kean’s, Inc.
Plaintiff has filed these two consolidated suits on causes of action arising out of the above events. The first suit is against Mr. Bellue and his insurer, in tort, for damages for personal injuries. The second suit is against Kean’s, Inc., and its insurer, for workmen’s compensation benefits. In the latter suit, Kean’s has third partied Mr. Bellue and his insurer to recover whatever amounts they may have paid in workmen’s compensation benefits.
After trial on the merits, one judgment was rendered in the consolidated cases. Judgment was rendered in favor of plaintiff in the first suit for $3,000.00 plus special damages. In the second suit, plaintiff’s demand for workmen’s compensation benefits was denied, and judgment was rendered on the third party demand in favor of Kean’s and its insurer for amounts paid by them in compensation and medical expenses, totalling $1,185.18, to be paid out of plaintiff’s judgment in the tort suit. Plaintiff has appealed from the judgment rendered in the consolidated cases.
This is basically a quantum case. Plaintiff is contending that there is a direct causal connection between the accident of January 26, 1971, and the rupture of the intervertebral disc on April 9, 1971, and that tihe award made in the tort case is inadequate considering the disability arising from the latter injury. This is a medical question, to be resolved on the basis of the *908 expert testimony in the case. Only the treating physician, Dr. Kenneth Cranor, an expert orthopedist, testified at the trial.
Plaintiff first saw Dr. Cranor on the afternoon of the January 26 accident, complaining of pain in his neck, an injury to his knee, and general stiffness in his back. A week later, he had the same complaints, and a stinging sensation in his left thigh. On his third visit to Dr. Cranor, he complained of low back pain.
During the foregoing period, prior to April 9, plaintiff continued in his employment with Kean’s without restriction. His medical history reveals that he had been involved in two other automobile accidents prior to January 26, that he suffered from spondylolisthesis, or curvature of the spine, prior to that time, and that he had a history of low back pain.
On April 9, he suffered the ruptured disc, and was hospitalized for several days as a result thereof. He was treated conservatively by Dr. Cranor and was certified ready to return to work on July 1, 1971, although he was not re-hired by Kean’s. He suffered another episode with his low back, which necessitated hospitalization, in December, 1971. Dr. Cranor testified that he might expect recurrences of such episodes for many years.
As to the causal connection between the first accident and the ruptured disc, Dr. Cranor testified that there was no damage to the disc itself as a result of the first accident, although he thought that it was probable that there was some damage to the muscular structures in its vicinity. He was of the opinion that this damage, as well as the previous automobile accidents, and the spondylolisthesis had contributed to plaintiff’s predisposition to suffer a ruptured disc, the January 26 accident to the possible extent of 10 to 15%.
In its written reasons for judgment, the trial court said:
“The issues involved herein are factual in nature. A determination must be made from the record whether plaintiff’s diagnosed ruptured disc following the bed moving incident was an aggravation of and the natural and proximate result of the injury received in the collision of January 26, 1971, or whether plaintiff’s diagnosed herniated disc was the result of the separate, independent, and intervening act of attempting to move a heavy bed. The law is clear that plaintiff bears the burden of proving a direct causal connection between the automobile accident and the herniated disc. In this regard the testimony of Dr. Kenneth Cranor is especially pertinent as he examined plaintiff after both accidents. Dr. Cranor diagnosed plaintiff’s injuries after the first accident as sprain of the cervical paraspinous musculature and sprain of the knees secondary to contusion. Dr. Cranor testified that it was only after the second accident, that symptoms of a disc injury appeared. He testified that plaintiff suffered from a congenital or developmental problem called sponsylolisthesis which along with the first accident, predisposed plaintiff to a subsequent disc injury. This testimony indicates that the second accident caused the herniated disc. The Court feels that plaintiff failed to bear his burden of proof to establish a direct causal connection between the first accident and the herniated disc, (see: Apffel v. Greyhound Corporation, 216 So.2d 123 (La.App.4th Cir., 1968) writ refused (1969); Corrales v. Traveler’s Ins. Co., 197 So.2d 900 (La.App.1st Cir., 1967). The Court finds that plaintiff’s diagnosed herniated disc was not directly caused by or an aggravation of injuries received as a result of the first or January 26, 1971 accident, but rather that plaintiff’s herniated disc was the direct result of the separate, independent, and intervening bed lifting accident of April 9, 1971.”
We find no error in the conclusions reached by the trial judge. Plaintiff’s claim for increased damages is predicated on a finding that the disc was caused by *909 the first accident. Since we have found to the contrary, there can be no award based on a ruptured disc. We think the award made by the trial judge for the injuries attributable to the January 26 accident is more than generous.
With respect to the claim for workmen’s compensation, the record reflects that no disability to work resulted from the January 26 accident. Since we have found no causal connection between the first accident and the ruptured disc, there is no compensation due as a result thereof, since the April 9, 1971 accident was not work connected.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.